# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| LENARD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-031 |
| | ) | |
| JUDGE PERRY BRANNAN and | ) | |
| CHATHAM COUNTY SUPERIOR | ) | |
| COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On March 6, 2008, plaintiff was granted permission to proceed *in forma pauperis*. (Doc. 3.) For the reasons that follow, the Court **VACATES** its March 6, 2008 Order. Plaintiff's request to proceed *in forma pauperis* should be **DENIED**, and this case should be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay a filing fee in order to institute any civil action in federal district court. 28 U.S.C. § 1914.

Indigent prisoners may commence an action without prepayment of the filing fee if they proceed *in forma pauperis* under § 1915.[1]

In order to proceed *in forma pauperis*, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[1] Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up-front. 28 U.S.C. § 1915(b)(1).

Plaintiff recently filed a civil action that was dismissed for failure to state a claim, resulting in his "third strike" under § 1915(g).[2] Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint fails to allege that he is presently in imminent danger of serious physical injury. (Doc. 1.) Accordingly, he has not demonstrated that he is entitled to proceed without prepayment of the filing fee under 28 U.S.C. § 1915.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, the Court **VACATES** its March 6, 2008 Order. Plaintiff's motion to proceed without prepayment of

---

[2] Harris v. St. Lawrence, No. 408cv038 (S.D. Ga. Apr. 16, 2008) (dismissed for failure to state a claim). Plaintiff also has two earlier strikes: Harris v. St. Lawrence, No. 406cv129 (S.D. Ga. July 10, 2006) (dismissed for failure to state a claim); Harris v. St. Lawrence, No. 406cv153 (S.D. Ga. Nov. 27, 2006) (dismissed for failure to state a claim).

fees should be **DENIED,** and his case should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. Plaintiff is cautioned that if he continues to bring civil actions in this Court without tendering the required $350 filing fee, he may be subject to sanctions, including contempt citations or prohibitions on filing any cases in this Court.

**SO REPORTED AND RECOMMENDED** this  7th  day of May, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA